

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

*overruled by*
*WW-1379 where*
*conflicts*

COPY

Honorable H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

O-6352

Dear Sir:

Opinion No. 0-6352
Re: Whether the Commissioners'
Court is liable for any
fees taxed as costs in de-
linquent tax suits under
the facts stated.

Your letter of recent date requesting the opinion
of this Department on the questions stated therein is, in part,
as follows:

"I shall greatly appreciate having your opinion
relative to the following questions:

"1. When property is sold by the County, or
several taxing units joined, and does not bring
the amount of court costs, including Attorneys fees
representing unknown heirs, does the Commissioners
Court have authority to approve the payment of the
costs, or their portion, to the Clerk of the Court
and to the Attorney?

"2. When there is not sufficient money received
from such a sale does the County have authority to
pay the Printer, or their portion, his cost for ad-
vertising?

"To clear the tax records several suits have
been tried in this County where the land is of
practically no value, leading into very low places
on creeks and water soaked land, thus would bring
only a very small amount and not sufficient to cover
all the Court costs and Attorneys fees and advertis-
ing, yet the services have been rendered and the in-
terested parties feel they should be paid, especially
the Printers. The Printer is not a County Official

Hon. H. A. Hodges, page 2

in any respect and states he does not intend to
advertise free, others feel the same way and I
readily understand their view point and agree
they should be paid in some manner."

Articles 7331 and 7332, Vernon's Annotated Civil
Statutes, provide certain fees in tax suits for the various
officers concerned and named therein. It will be noted that
Article 7333, Vernon's Annotated Civil Statutes, expressly
provides that in each case such fees, meaning the fees pro-
vided for in Art. 7332, shall be taxed as cost against the
land, etc. It is then expressly provided "and in no case
shall the State and County be liable therefor." Referring
to the language of the above mentioned statutes in the case
of Grant, et al, v. Ellis (Comm. of App.) 50 S. W. (2d),1093,
the Court said that "this language certainly evidences a
direct legislative intent to expressly prohibit the rendition
of any judgment against the State and County for costs, or
fees classed as such." It will be noted that the above men-
tioned statutes are not applicable to or make no reference to
compensation allowed attorneys ad litem, appointed by the
Court to represent unknown heirs, unknown or non-resident
owners cited by publication as provided by statute. It will
also be noted that Article 7331, providing certain fees for
the tax-collector expressly provides "that in no case shall
the State or County be liable for said fee." Rule No. 244
(Rules of Practice and Procedure in Civil Actions promulgated
by the Supreme Court of Texas) provides:

"Where service has been made by publication,
and no answer has been filed nor appearance entered
within the prescribed time, the Court shall appoint
an attorney to defend the suit in behalf of the de-
fendant, and judgment shall be rendered as in other
cases; but, in every such case a statement of the
evidence, approved and signed by the judge, shall
be filed with the papers of the cause as a part of
the record thereof. The court shall allow such
attorney a reasonable fee for services, to be taxed
as a part of the costs."

Section 6 of Art. 7345b, V. A. C. S., provides:

"All court costs, including costs of serving
process, in any suit hereafter brought by or in
behalf of any taxing units for delinquent taxes in
which suits all other taxing units having a delin-
quent tax claim against such property of any part

thereof, have been impleaded, together with all expenses of foreclosure sale and such reasonable attorney's fees as may be incurred by the interpleaded or intervening taxing units, not exceeding ten per cent (10%) of the amount sued for, such attorney's fees to be subject to the approval of the court together with such reasonable expenses as the taxing units may incur in procuring data and information as to the name, identity and location of necessary parties and in procuring necessary legal descriptions of the property, shall be chargeable as court costs."

Sec. 9 of Art. 7345b, V. A. C. S.,reads, in part, as follows:

"If the property be sold to any taxing unit which is a party to the judgment under decree of court in said suit, the title to said property shall be bid in and held by the taxing unit purchasing same for the use and benefit of itself and all other taxing units which are parties to the suit and which have been adjudged in said suit to have tax liens against such property, pro rata and in proportion to the amount of the tax liens in favor of said respective taxing units as established by the judgment in said suit, and costs and expenses shall not be payable until sale by such taxing unit so purchasing same, and such property shall not be sold by the taxing unit purchasing same for less than the adjudged value thereof or the amount of the judgments against the property in said suit. . . ."

When you refer to attorneys representing unknown heirs, we assume,for the purposes of this opinion, that you have reference to attorneys ad litem appointed under Rule 244. It is apparent from the facts stated in your letter that the taxing unit purchasing the property at the original sale has since sold said property joined by the other taxing units concerned. In view of the foregoing statutes you are respectfully advised that it is the opinion of this department that the Legislature has specifically provided that all costs and expenses in delinquent tax suits (Art. 7345b) shall be paid prior to the apportionment to the various taxing units of their respective

shares and proceeds of the tax sale. Stated differently, the costs and expenses incurred in such tax suits are not payable until after sale of the property is made by the taxing unit which purchased the same at the original sale. In Section 9 (Art. 7345b) the Legislature specifically provided: "And costs and expenses shall not be payable until sale by such taxing units so purchasing the same." None of the fees or expenses mentioned in your letter may be paid until after the property has been sold by the taxing unit which purchased the same at the first sale. After such sale, however, said costs are to be paid first out of the proceeds of the sale. In no event is the State or County liable for any of the fees or expenses mentioned in your letter.

The County has no authority, whatsoever, to pay all or any portion of the fees and expenses mentioned out of county funds.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

APPROVED JAN 13 1945

ATTORNEY GENERAL OF TEXAS

AW:rt


APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN